# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Andres Oswaldo Gongora Franco,** ) | **CASE NO. 4:24 CV 1213** |
| ) | |
| **Petitioner,** ) | **JUDGE PAMELA A. BARKER** |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **Ian Healy, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

Petitioner Andres Oswaldo Gongora Franco is a federal inmate confined at the Elkton Satellite Low Federal Correctional Institution ("Elkton"). Acting *pro se*, he filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. His Petition contains no grounds for relief and no statement of facts. He simply attaches documents and states, "My FSA credit was taken away. I would like to get my FSA credit of 12 months." (Doc. No. 1 at PageID #: 2).

Under 18 U.S.C.A. § 3624 of the First Step Act, eligible federal prisoners may earn credit from the end of their sentences by successfully completing evidence-based recidivism reduction programming or productive activities. *Id.* Deportable prisoners, however, are ineligible to apply time credits if they are the subject of a final order of removal under any provision of the immigration laws. 18 U.S.C.A. § 3624(E)(i). The documents attached to the Petition state that Petitioner is subject to a final order of removal. (Doc. No. 1-1 at PageID #: 9, 13, 15). Petitioner wrote on one of the documents that the final order of deportation

was "Not signed by immigration judge."  (Doc. No. 1-1 at PageID #: 9).  It would appear that Petitioner may be attempting to challenge the prison's claim that he is subject to a final order of removal.

**Standard of Review and Discussion**

Federal district courts must conduct an initial review of Habeas Corpus Petitions.  *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  A Court must deny a Petition "if it plainly appears from the Petition and any attached exhibits that the Petitioner is not entitled to relief" in the District Court.  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 Petitions pursuant to Rule 1(b)).  For the following reasons, the Petition is dismissed without prejudice.

The responsibility for computing sentences and applying sentencing credits lies with the Bureau of Prisons ("BOP").  *Nieves v. Warden, FCI Elkton*, No. 4:19-cv-1966, 2020 U.S. Dist. LEXIS 3581, at *5 (N.D. Ohio Jan. 9, 2020).  Before seeking habeas relief under §2241, a prisoner must fully exhaust his administrative remedies within the BOP.  *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231-33 (6th Cir. 2006).  Exhaustion of administrative remedies serves two main purposes: 1) it "protects administrative agency authority," by ensuring that an agency has an opportunity to review and revise its actions before litigation is commenced, which preserves both judicial resources and administrative autonomy; and 2) it promotes efficiency because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court."  *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)).

Here, it appears that Petitioner may be challenging the BOP's assertion that he is under a final order of removal. If that is a correct reading of the Petition, the BOP is in the best position to determine whether an error occurred. Petitioner has given no indication that he pursued his administrative remedies with the BOP. This action cannot proceed.

**Conclusion**

Accordingly, this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243 to allow Petitioner to exhaust his administrative remedies. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Date: September 4, 2024

s/ *Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE